**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE**

| | |
|---|---|
| **SAMUEL FIELDS,** | **CASE NO. 7:15-CV-38-KKC** |
| **Petitioner,** | |
| **v.** | **OPINION and ORDER** |
| **LAURA PLAPPERT,** *Warden*, | |
| **Respondent.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Petitioner Samuel Fields' Motion for Relief from Judgment. (R 105.) The Respondent, Warden Laura Plappert, opposes Fields' Motion. (R. 112.) For the following reasons, Fields' motion will be transferred to the United States Court of Appeals for the Sixth Circuit.

## I.   BACKGROUND

The facts relating to this case have been laid out numerous times in the record. (*See e.g.,* R. 112, 105, 68.) Accordingly, the Court will only discuss the facts relevant to this motion.

Fields was found guilty by a jury for the murder of 84 year-old Bess Horton. (R. 112 at 2.) Fields was thereafter sentenced to death. (*Id.*) At trial, part of the prosecution's theory was that Fields broke into Ms. Horton's home by using a butter knife to unscrew the screws on her window. (*Id.*) During jury deliberations at his trial, the jury tested the prosecution's theory by using the knife, which was admitted into evidence, to unscrew screws from a cabinet in the jury room. (*Id.*)

Fields challenged the Jury's use of the knife, arguing that it was an impermissible "jury-experiment," in violation of his constitutional rights. (*Id.*) Appealing this aspect of his trial all the way up to the Kentucky Supreme Court proved unsuccessful. *See Fields v.*

*Commonwealth*, No. 2013-SC-00231, 2014 WL 7688714, at *1 (Ky. Dec. 18, 2014) ("*Fields I*"). Out of options in the state system, Fields filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court. (R. 6.)

After reviewing Fields' Petition, this Court denied relief on his jury-experiment claim, concluding that he could not show that the jury's actions violated clearly established United States Supreme Court precedent. (R. 68 at 18.) The Sixth Circuit granted a certificate of appealability to consider, among other claims, whether "(1) the jury's experiment involving evidence not in the record violated Fields's constitutional rights to confrontation, due process, and a fair trial." (CA.6 Doc. 36 at 2). A Sixth Circuit panel concluded that the jury experiment did violate his constitutional rights, and reversed this Court's decision. *Fields v. Jordan*, 54 F.4th 871, 876–82 (6th Cir. 2022), *reh'g en banc granted, opinion vacated*, 60 F.4th 1023 (6th Cir. 2023), and on *reh'g en banc*, 86 F.4th 218 (6th Cir. 2023). The panel concluded that the Supreme Court's rule requiring a verdict to be based on the evidence presented at trial was "clearly established" for the purposes of his petition. *Id.* at 877–88.

Upon *en banc* review, the Sixth Circuit reversed its panel decision. *Fields v. Jordan,* 86 F.4th 218, 238–39 (6th Cir. 2023) ("*Fields II*"). The majority determined Fields' claim could not satisfy the § 2254(d)(1) "clearly established" requirement. *Id.* at 239 ("Because the Supreme Court has issued no guidance on jury experiments like the one here, it lacks 'clearly established' law on the topic."). The majority thus concluded that Fields "failed to get past [§ 2254's] first step." *Id.* at 232.

Fields' subsequent Supreme Court petition was unsuccessful. (R. 105 at 6.) The Supreme Court then decided a similar case, *Andrew v. White*, 604 U.S. 86 (2025). Based on *Andrew,* Fields asked the Sixth Circuit to recall its mandate. (R. 105 at 3.) The Sixth Circuit denied the request, to which Fields sought certiorari, which was later denied. (*Id.*) Once more,

2

Fields moved for leave to file a petition for rehearing of the Supreme Court's denial of certiorari, which was denied. (*Id.*) Now, seemingly out of appellate options, Fields moves to amend the Court's June 23, 2016 Judgement under Federal Rule of Civil Procedure 60(b)(6). (R. 105.)

## II.   LEGAL STANDARD

Although Federal Rule of Civil Procedure 60(b) has its own legal standard, its application is modified in the habeas context. *See Gonzalez v. Crosby*, 545 U.S. 524, 530–31 (2005). This is because a Rule 60 motion may be used to vindicate a previously denied habeas application. *Id.* at 531. As the Supreme Court explained, "using Rule 60(b) to present new claims for relief from a state court's judgment of conviction--even claims couched in the language of a true Rule 60(b) motion--circumvents [the § 2244] requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.* (citing § 2244(b)(2)). Accordingly, a Rule 60 motion that "attacks the federal court's previous resolution of a claim on the merits" constitutes a second-or-successive application under § 2244. *Id.* at 532.

## III. ANALYSIS

Fields seeks relief from the Court's June 23, 2016 Judgement (R. 68) on the grounds that the Court's ruling improperly precluded a merits determination of his habeas petition. (R. 105 at 2.) The Warden opposes the motion, arguing that Fields has already received a determination on the merits. (R. 112 at 7.)

### A.  The Court's R. 68 Opinion, as affirmed by the Sixth Circuit in *Fields II*, was a decision on the merits

Because Fields has already presented a § 2254 petition (R. 6), deciding whether his Rule 60(b) motion falls within the ambit § 2244(b) greatly restricts the Court's ability to consider the filing. If his motion is construed as a "second or successive application," the Sixth

Circuit must first authorize this Court to consider the application. § 2244(b)(3)(A). Conversely, if the motion challenges only a defect that prevented a merits determination, it may proceed under Rule 60(b), bypassing the requirements of § 2244. *Gonzalez*, 545 U.S. at 532–33 ("When no "claim" is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application."). Necessarily, the dispositive issue is whether the Court's rejection of Fields' jury-experiment claim was a resolution on the merits.

Fields argues that it was not. (R. 105 at 9.) He argues that a ruling denying relief on the grounds that he failed to satisfy § 2254's "clearly established" requirement is not a ruling on the merits. (*Id.* at 14.) Rather, relying on *Andrew*, he argues that the Court's decision was a "threshold matter" that "precedes" a merits review. (*Id.*)  In response, the Warden argues that both this Court, and the Sixth Circuit in *Fields II*, resolved his habeas petition on the merits. (R. 112 at 6.) Relying on the principles established in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Warden argues that a finding that Fields' petition failed to get past the § 2254 clearly established requirement is a merits review. (*Id.*)

The Court finds the Warden's argument persuasive. Upon a thorough reading of *Gonzalez*, it appears that the Supreme Court analyzed and decided this very issue. Footnote 4 of the opinion goes into great detail about what does (and does not) constitute a merits determination. *See id.* at n.4. One of many ways to define "on the merits" is a determination "that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* "When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim." *Id.* In contrast, rulings that prevent consideration of a petitioner's claims, such

as failure to exhaust, procedural default, or a statute-of-limitations bar, are not determinations on the merits. *Id.*

Following the Supreme Court's guidance, this Court did not reject Fields' claim on a procedural ground or other technicality. *See id.* Rather, this Court's decision falls squarely within *Gonzalez*'s definition of a merits ruling. This Court and the Sixth Circuit in *Fields II*, determined that Fields' jury-experiment claim "failed to get past [§ 2254's] first step by identifying 'clearly established' law on this topic." *Fields II*, 86 F.4th at 232; *see also* R. 68 at 17–18, 21. That conclusion is a determination that no ground existed entitling Fields to relief under § 2254(d), because that section permits habeas relief only where the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .". § 2254(d)(1); *Gonzalez*, 545 U.S. at 532 n.4. Further, the Court considered the substance of his contention that the jury's experiment with the knife violated his constitutional rights and concluded that he had identified no Supreme Court authority establishing such. (R. 68 at 18–21 ("Nowhere in those cases did the Supreme Court come anywhere close to suggesting that the Constitution forbids a jury to perform an experiment in the jury room").)

The Sixth Circuit affirmed for the same reason, explaining that Fields "cites not a single Supreme Court case that has ever 'addressed' the propriety of jurors experimenting with evidence during deliberations—let alone one that has found these experiments unconstitutional." *Fields II*, 86 F.4th at 232. In reaching that conclusion, the Sixth Circuit addressed Fields' arguments and analyzed the relevant constitutional principles under the Confrontation Clause, the Sixth Amendment right to jury trial, and the Fourteenth Amendment right to due process. *See Fields II*, 86 F.4th at 231–233. Under *Gonzalez*, a determination that a petitioner is ineligible for relief under § 2254(d) is an adjudication on the merits. 545 U.S. at 532 n.4. Because Fields' Rule 60(b) motion attacks that prior merits

5

determination, it constitutes a second-or-successive habeas application subject to § 2244. Accordingly, his motion must be transferred to the Sixth Circuit. *See* § 2244(3)(A); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)

### B. This decision does not conflict with *Andrew* or *Lockyer*

Contrary to Fields' position, this Court's reluctance to treat the general principle that "jurors must decide a case based on the evidence at trial" as the relevant clearly established law does not conflict with *Andrew v. White*, 604 U.S. 86 (2025). (*See* R. 105 at 11.) This Court declined to apply that principle because it was stated at an "exceptionally high level of generality." (R. 68 at 20.) Fields contends that this conclusion conflicts with *Andrew* because the Supreme Court recognized that "general principles" may constitute clearly established law for § 2254 purposes and because identifying clearly established law is a threshold inquiry that precedes merits review. (R. 105 at 2, 14; *Andrew*, 604 U.S. at 95 (citing *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003)).) But neither *Andrew* nor *Lockyer* requires a court to adopt a petitioner's broadly framed statement of the governing law.

*Andrew* holds that courts have an "independent obligation" to identify the relevant clearly established federal law under § 2254(d)(1) and characterizes that inquiry as a "threshold matter." 604 U.S. at 95. In support, *Andrew* cites *Lockyer*, a case which recognized that the Eighth Amendment contains clearly established principles even though it arises from a "thicket" of jurisprudence and lacks "precise contours." *Id*. But *Lockyer* did not establish that every asserted "general principle" qualifies as clearly established law for § 2254 purposes. *See Lockyer*, 538 U.S at 72; R. 105 at 2. Rather, after examining the relevant Eighth Amendment jurisprudence, the *Lockyer* Court identified only one governing principle: "in this case, *the only* relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise

6

contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." *Id*. at 73 (emphasis added). Thus, *Andrew* and *Lockyer* require courts independently to determine the relevant clearly established law. *See Andrew*, 604 U.S. at 95. The cases do not require courts to accept verbatim a petitioner's formulation of that law.

The same reasoning applies here. Fields characterizes the relevant law as the general principle that "jurors should decide the guilt or innocence based on the evidence presented." (R. 68 at 20; R. 105 at 1.) This Court concluded that formulation was "broad" and "stated at an exceptionally high level of generality." (R. 68 at 20.) As mentioned in this Court's original Opinion, "[t]he more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." (*Id*. (citing *Davis v. Carpenter*, 798 F.3d 468, 473–74 (6th Cir. 2015) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).) Although this Court recognized that the Supreme Court has made clear that jurors should decide guilt or innocence based on the evidence presented, the constitutional question before it was narrower: whether jurors decide guilt based on something other than the evidence when they conduct an experiment using admitted evidence. (R. 68 at 20.)

This Court's determination makes sense. Deciding Fields' petition with respect to the general principle that jurors should decide guilt and innocence based on the evidence presented would ignore the glaring deficiency in his petition: he did not cite any cases that "come anywhere close to suggesting that the Constitution forbids a jury to perform an experiment in the jury room." (R. 68 at 19–20.) The relevant question was therefore not whether the general principle Fields invokes is clearly established, but whether Supreme Court precedent clearly establishes that jurors violate the Constitution by conducting an experiment with admitted evidence during deliberations. As this Court and the Sixth Circuit recognized, no such precedent exists. (*See* R. 68 at 20.) *Andrew* does not require a court to treat a petitioner's broadly framed principle as the relevant clearly established law; instead,

it requires the court to independently identify the governing law. *See Andrew*, 604 U.S. at 95. Thus, the Court properly declined to resolve Fields' claim through a rule stated at an "exceptionally high level of generality" that did not adequately address the jury-experiment issue. (R. 68 at 20.) For these reasons, the Court will not amend its R. 68 Opinion.

## IV. CONCLUSION

Based on the foregoing analysis, this Court lacks jurisdiction to entertain Fields' motion. As a result, the matter will be transferred to the United States Court of Appeals for the Sixth Circuit so it may determine whether his current claims may be presented.

Accordingly, the Court hereby ORDERS the following:

1) The Clerk of Court is DIRECTED to transfer Defendant Samuel Fields' current motion (R. 105) to the United States Court of Appeals for the Sixth Circuit as a successive petition seeking relief under 28 U.S.C. § 2254 and in accordance with 28 U.S.C. § 2244.

2) To the extent Grant seeks relief from this Court, his request is DENIED.

This 12th day of August, 2026.



**Signed By:**

***Karen K. Caldwell***

**United States District Judge**

8