**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHER DIVISION AT PIKEVILLE**

| | |
|---|---|
| **SAMUEL FIELDS,**<br>**Petitioner,**<br>**v.**<br>**LAURA PLAPPERT, *Warden*,**<br>**Respondent.** | **CASE NO. 7:15-CV-38-KKC**<br><br>**OPINION and ORDER** |

*** *** ***

This matter is before the Court on Petitioner Samuel Fields' application for a certificate of appealability. (R. 114.) Petitioner's application follows this Court's opinion and order entered on August 12, 2026, to transfer Petitioner's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6) to the United States Court of Appeals for the Sixth Circuit as a successive petition seeking relief under 28 U.S.C. § 2254, in accordance with 28 U.S.C. § 2244. (R. 113.) For the following reasons, the Court DENIES Petitioner's request for a certificate of appealability.

## I. BACKGROUND

Petitioner Fields was found guilty by a jury for the murder of 84-year-old Bess Horton and sentenced to death. (R. 122 at 2.) In the decades following, he has repeatedly challenged his conviction in state and federal court. (*Id.*) In one challenge, Fields argued that he was "denied his rights to confrontation and due process when the jury improperly conducted an experiment" during deliberations to test the prosecution's theory of the case. (R. 6 at 26–31.) After proceeding to an unsuccessful terminus at the Kentucky Supreme Court in 2014, *see generally Fields v. Commonwealth*, No. 2013-SC-00231, 2014 WL 7688714, at *1 (Ky. Dec. 18, 2014) ("*Fields I*"),

he revived this same argument in federal court by filing a writ of habeas corpus under 28 U.S.C. § 2254. (R. 6.)

This Court denied relief on Field's jury experiment claim, finding that he "failed to show that, when Kentucky courts rejected [this] claim, they acted contrary to—or unreasonably applied—any holding of the United States Supreme Court." (R. 68 at 18.) A Sixth Circuit panel initially reversed, *Fields v. Jordan*, 54 F.4th 871, 876–82 (6th Cir. 2022), *reh'g en banc granted, opinion vacated*, 60 F.4th 1023 (6th Cir. 2023), and on *reh'g en banc*, 86 F.4th 218 (6th Cir. 2023), but reviewing *en banc*, the Sixth Circuit ultimately agreed that Field's jury experiment claim did not entitle him to relief as the state court judgment was not contrary to "clearly established" Supreme Court precedent. *Fields v. Jordan,* 86 F.4th 218, 238–39 (6th Cir. 2023) ("*Fields II*").

Fields unsuccessfully petitioned the U.S. Supreme Court for a writ of certiorari. *Fields v. Plappert*, 144 S. Ct. 2635 (2024). He then moved for the Sixth Circuit to recall its *en banc* decision based on a Supreme Court opinion that provided clarity on what constitutes clearly established precedent for the purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA) and federal habeas relief. (*Id.* at 7–8.); *see generally Andrew v. White*, 604 U.S. 86 (2025). The Sixth Circuit denied the motion to recall, and Fields again sought review by the Supreme Court, which was also denied. *Fields v. Plappert*, 146 S. Ct. 371 (2025). Fields sought a rehearing on the denial, but the Supreme Court denied that petition as well. *Fields v. Plappert*, 146 S. Ct. 2674 (2026).

Shifting course, Fields filed a new motion seeking relief from this Court's June 23, 2016, Judgment (R. 68) under Federal Rule of Civil Procedure 60(b)(6). (R. 105.) Fields argued that the Court's ruling denying relief and dismissing his claim was wholly procedural, which impermissibly precluded a merits determination of his original habeas petition, and petitioned this Court to vacate its previous Judgment (R. 68.), reopen his habeas proceedings, and grant relief as

appropriate. (R.105 at 2.) Rather than rule on Petitioner Field's Rule 60(b) motion, this Court denied the request for relief and transferred the matter to the United States Court of Appeals for the Sixth Circuit as a successive habeas petition under 28 U.S.C. § 2254. (R. 113 at 8.) Fields now provides notice that he construes this Court's August 12, 2026, Order and Opinion (R. 113.) as an appealable denial of relief, and requests that this Court provide a certificate of appealability. (R114.)

## II. ANALYSIS

The Sixth Circuit has clarified that "a Rule 60(b) motion must be treated as a second or successive petition when it . . . brings a new claim, such as a new ground for relief or an attack on the federal court's previous resolution of the claim on the merits." *Thompkins v. Berghuis*, 509 F. App'x 517, 519 (6th Cir. 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). This Court determined that its R. 68 Order was a judgment on the merits vice a procedural ruling because it involved a determination as to whether "there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." (R. 113 at 4); quoting *Gonzalez*, 545 U.S. at 532 n.4. As this Court construed Fields' Rule 60(b) motion as a new "claim" attacking the Court's R. 68 Order, it transferred the matter to the Sixth Circuit accordingly. (R. 113 at 5–6.)

This matter remains before the Sixth Circuit for a successive habeas petition determination. *See In re: Samuel Fields*, No. 26-5712 (6th Cir.). The Sixth Circuit has made clear when a district court transfers a matter to the court of appeals as a potential second-or-successive habeas petition, the district court "loses jurisdiction and the [appellate] court gains it" as soon as the transferee court dockets the case. *Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015). Fields' case was docketed by the Sixth Circuit on August 12, 2026. *In re: Samuel Fields*, No. 26-5712, CA 6 Dkt. 1. Fields filed his application for a COA with this Court on September 11, 2026. (R. 114) As

Petitioner Fields' application was filed after the matter was transferred, this Court lacks jurisdiction to consider it.

## III. CONCLUSION

For the reasons stated herein, it is hereby ORDERED that the Petitioner's application for a certificate of appealability (R. 114) is DENIED pending this Court's authorization by the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 2244(b) to consider Petitioner's Motion for Relief from Judgment Under Rule 60(b)(6).

This 2nd day of October, 2026.

**Signed By:**
***<u>Karen K. Caldwell</u>***
**United States District Judge**